# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 23, 2022

Lyle W. Cayce
Clerk

No. 21-60485
Summary Calendar

Edgardo Ixquier-Morales; Mari Elizeth Ixquier-Grave,

*Petitioners*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A202 131 327
Agency No. A202 131 329

Before King, Higginson, and Willett, *Circuit Judges*.

Per Curiam:*

Edgardo Ixquier-Morales and his daughter Mari Elizeth Ixquier-Grave are natives and citizens of Guatemala. They have filed a petition seeking review of a decision of the Board of Immigration Appeals (BIA)

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

affirming the immigration judge's (IJ's) denial of asylum, withholding of removal, and protection under the Convention Against Torture (CAT).[1]

This court has authority to review only the final decision of the BIA unless the underlying decision of the IJ influenced the BIA's decision. *Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009). In Ixquier-Morales's case, the BIA affirmed the findings and conclusions of the IJ. Therefore, this court will review both decisions. *See id.*

The factual determination that an alien is not eligible for asylum, withholding of removal, or CAT protection is reviewed under the substantial evidence standard. *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006). Under that standard, this court may not reverse the BIA's factual findings unless the evidence compels a contrary conclusion. *Id.*

Ixquier-Morales argues in his pro se brief that jurisdiction never vested in the immigration court because his Notice to Appear failed to state the time and date of his removal hearing. This argument is foreclosed by this court's precedent in *Pierre-Paul v. Barr*, 930 F.3d 684, 691-93 (5th Cir. 2019), *abrogated in part on other grounds by Niz-Chavez v. Garland*, 141 S. Ct. 1474 (2021).

Ixquier-Morales further argues that the BIA erred in affirming the IJ's finding that he was not eligible for asylum, withholding of removal, or CAT protection.[2] As the BIA explained, the gang members targeted Ixquier-

---

[1] Because Ixquier-Morales is the lead petitioner and his daughter's claims for immigration relief are derivative of his claim or are dependent on the same facts and circumstances of his case, this memo will hereinafter refer only to Ixquier-Morales unless otherwise specified.

[2] As the BIA noted in its decision affirming the denial of Ixquier-Morales's application for immigration relief, the Immigration and Nationality Act does not provide for derivative claims for withholding of removal. *See Matter of A-K-*, 24 I&N Dec. 275, 279 (BIA 2007). Thus, while Ixquier-Morales's daughter was potentially eligible for asylum as

No. 21-60485

Morales because through his work as a preacher, Ixquier-Morales interfered with the gang's ability to recruit new members and expand its criminal enterprise. There was no evidence, however, that the gang was motivated by any particular animus towards his religion or because of Ixquier-Morales's position as a church leader or anti-gang activist. Instead, the BIA found that "the reason for the gang member's actions was to stop [the] degradation of their criminal enterprise." Because Ixquier-Morales failed to present sufficient evidence demonstrating a nexus to a protected ground, the BIA reasonably concluded that he had failed to satisfy his burden of proof and was not eligible for asylum or withholding of removal. *See Chen*, 470 F.3d at 1134; *Shaikh v. Holder*, 588 F.3d 861, 864 (5th Cir. 2009).

The Government argues that Ixquier-Morales has failed to meaningfully challenge the BIA's denial of his claim for CAT relief and has therefore abandoned the issue by failing to brief it. Although pro se briefs are liberally construed, arguments that fail to cite authorities, statutes, and record citations are deemed abandoned. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003); *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). Though his arguments on the denial of CAT relief are not extensive, a review of Ixquier-Morales's brief reveals that he has adequately briefed the issue. Nonetheless, Ixquier-Morales has not put forth evidence of a Guatemalan public official's acquiescence or willful blindness to torture that is "so compelling that no reasonable factfinder could conclude against it." *Wang*, 569 F.3d at 537.

The petition for review is DENIED.

------

a derivative beneficiary of her father's application had he met his burden, she was not eligible for withholding of removal. *See* 8 U.S.C. § 1158(b)(3).